**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMMANUEL CHIGOZIE NNAJI, | No. 10-73830 |
| Petitioner, | |
| v. | Agency No. A094-811-051 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2019**
San Francisco, California

Before: WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

Emmanuel Chigozie Nnaji ("Nnaji"), a native and citizen of Nigeria,

petitions for review of the Board of Immigration Appeals' ("Board") decision

affirming the Immigration Judge's ("IJ") denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Nnaji claims he is eligible for relief because he has been persecuted by Muslims in his home country of Nigeria because he is a Christian.

"Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252 and we affirm.

We review de novo Board interpretations of legal questions. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). Nnaji's asylum application was untimely, submitted about four years after arriving to the United States as opposed to within one year of arrival, as required. *See* 8 U.S.C. § 1158(a)(2)(B). There were no "changed" or "extraordinary circumstances" excusing his delay. *See* 8 U.S.C. § 1158(a)(2)(D). Nnaji's argument that he was ignorant of the asylum system does not amount to either changed or extraordinary circumstances excusing an untimely filing of an asylum application. *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). Additionally, his excuse of post-traumatic stress or trauma, raised for the first time before this court, is not exhausted and therefore we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1).

Even if Nnaji had established extraordinary circumstances that excused his untimely asylum application, substantial evidence supports the Board's affirmance of the IJ's adverse credibility determination. We review for substantial evidence

2

decisions by the Board denying eligibility for withholding of removal and adverse credibility determinations, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and uphold the Board's adverse credibility determination unless we determine "that 'any reasonable adjudicator would be compelled to conclude' that [petitioner] is credible." *Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The evidence in the record does not compel a positive credibility determination. The Board permissibly relied on numerous inconsistencies between Nnaji's declaration and his testimony. Some of Nnaji's inconsistencies go to the heart of his claim that when he was living in Nigeria, he was mistreated and attacked by Muslims because he is Christian, including an inconsistency about an alleged riot and attack he suffered. Inconsistencies that strike at the heart of one's claim go above and beyond the requirements for making an adverse credibility determination after the enactment of the REAL ID Act of 2005. *Shrestha*, 590 F.3d at 1043 (after the REAL ID Act, "an IJ may *consider* any inconsistency" when assessing credibility, not only those that "'go to the heart' of the petitioner's claim") (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The IJ also based the adverse credibility determination on Nnaji's demeanor, specifically that he "appeared very calm and cool" when describing events that he claimed were traumatic, including his mother's death and other traumatic events he claims he

3

experienced.

As required, the IJ considered Nnaji's explanations for the perceived inconsistences and did not find that they were persuasive. *See Shrestha*, 590 F.3d at 1044. Nnaji's argument that the IJ "acted in a biased manner" because the IJ's adverse credibility determination was based on "speculation and conjecture" is contradicted by the IJ's thorough review of the evidence and consideration of Nnaji's explanations. Thus, the IJ did not violate Nnaji's due process rights.

Additionally, the Board did not err in concluding that the IJ properly determined that Nnaji failed to present reasonably obtainable corroborating evidence. *See Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009) (an applicant "can be turned down for failing to provide corroboration where he does have it or could reasonably obtain it"). For example, as the IJ noted, Nnaji has relatives in the United States who "he testified knows about his story," but they did not appear in court or provide declarations supporting Nnaji's claims.

In sum, substantial evidence supported the Board's denial of Nnaji's asylum application. Nnaji necessarily failed to establish eligibility for withholding of removal, which has a higher standard than asylum and, here, was based on the same claims and evidence. *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001).

We also review for substantial evidence Board determinations denying eligibility for protection under CAT. *Shrestha*, 590 F.3d at 1048. Substantial

4

evidence supported the Board's denial of Nnaji's CAT application because he did not show it is "more likely than not" that he would be tortured in the country of removal "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1). Neither the country condition evidence nor Nnaji's testimony met this burden.

The petition for review is **DENIED**.